HURLEY v. THE DUBUQUE GAS LIGHT AND COKE COMPANY.

Where the plaintiff, at the November term, 1856, of the Dubuque district court, recovered a judgment against the defendant for about the sum of $1,000; and where, at the July term, 1858, a motion was made by the plaintiff to correct the record of said judgment, in such a manner as to show that plaintiff's mechanic's lien was established upon a certain tract of land, describing it—which motion was sustained; and where it appeared from the record, that in 1855, plaintiff filed his petition; that afterwards other papers were filed, all of which were lost or mislaid; that the affidavit of plaintiff was filed, to the effect that his petition, among other things, contained a prayer for a mechanic's lien, as well as for judgment upon his claim; that due notice of said motion had been given to the attorneys of the defendant, and that they made no objection to the granting of the motion; and that it appeared to the court that said application was reasonable, and substantial justice required the correction of said entry; *Held*, That under the circumstances of the case, the court, in correcting the judgment, did not exceed the power conferred by section 1580 of the Code.

### *Appeal from the Dubuque District Court.*

### TUESDAY, APRIL 12.

THE PLAINTIFF, at the November Term, 1856, recovered judgment against defendant, for near the sum of one thou sand dollars. At the July term, 1858, a motion was made by plaintiff, to correct the record of said judgment, in such a manner as to show that plaintiff's mechanic's lien, was established upon a certain tract or parcel of land, which is fully described. This motion was sustained, and defendants appeal.

*Monroe & Jones* and *Lovells & Williams*, for the appellant.

*David S. Wilson*, for the appellee.

WRIGHT, C. J.—Without examining the authorities cited by counsel for the respective parties, upon the general question of the power of a court to amend or correct its records,

Hurley v. The Dubuque Gas Light and Coke Company.

after the adjournment of the term at which they are made, it is sufficient for the purposes of the present case, to say, that the Code provides, " that entries made, approved and signed at a previous term, may be altered only to correct an evident mistake." Section 1580.   The only question is, whether the court below in  directing this amendment, exceeded the power conferred by this section.

Whatever  view  we  might take  of  the  simple inquiry, whether the alteration or correction  made, was the supplying  an evident omission, within the meaning of  the  law, there are facts connected with this record, which lead us to conclude, that we would not be justified in interfering with the order made.   We decide the  case more upon its own circumstances, than upon the general principle.

It appears  that in 1855, plaintiff filed his  petition, and that afterwards, other  papers were filed, all of  which, (the petition and other papers), are lost or mislaid.   What these papers  contained,  we do not know, except that the record making  the correction, sets out that the affidavit of plaintiff was filed, to  the  effect  that his  petition, among other things, contained a prayer for a mechanic's lien, as well as for judgment upon his claim.   The record further recites, that due  notice of said motion was  given to the attorneys for defendants ; that they  made no objection to the  granting of the same; and that it appeared to the court that said application was reasonable, and that substantial  justice required the correction of said entry.

Two considerations are sufficient to justify the affirmance of the order.

The first is, that the attorneys of defendants had due notice of  the  application, and made  no objection to the correction.   The case does not stand as the ordinary one of a judgment by default, where a party is held not  to  be concluded  by what is done in his absence.   It is different : *First.* Because the language—" and it appearing that due notice of this application had been  given to the attorneys of the Dubuque Gas Light and Coke Company, Messrs.

Smith, McKinley & Poor, and they making no objection to the granting of the motion," fairly implies that they were present; and, *Second*. If they had not been present and virtually, and in fact, assenting to said amendment, inasmuch as they did not oppose it, the record would have either been silent in this respect, or stated that the motion came on for hearing, and that defendants not appearing, &c. But this view is sustained, in the *third* place, from the fact that no exception was taken, or objection made, to the action of the court at the time. The inference is almost, if not quite, legitimate, that the correction was made by consent.

But the second consideration grows out of the imperfect, or incomplete state of the record. What would amount to an evident mistake, within the meaning of the section quoted above, must, of course, depend upon an examination of all parts of the record. And cases can be readily conceived, in which it would be very important to know the issues made by the pleadings; that the facts admitted and denied, might be fully understood. And yet, in the case before us, we know nothing of the pleadings subsequent to the petition. The court below, though these pleadings were subsequently mislaid, is supposed to have acted from knowledge gained of their contents, at the time of entering the judgment in 1856, and with this knowledge, it is certified to us that the application was reasonable, and that substantial justice required the correction. It is impossible for us to say, that under such circumstances, the court below had not sufficient data, from the record actually present, and the knowledge possessed of that which was lost, (but of which we know nothing), to justify the correction made. How it might be, if all the pleadings or records were placed before us, or if a showing had been made by the parties, setting out the substance of such pleadings, or lost portions of the record, according to their best recollection and belief, so as to bring them to our knowledge, we do not undertake to say.

The suggestion that the law contemplates that such corrections shall be applied for at the term next succeeding the one at which the entry was made, is substantially correct. We do not say that, under no circumstances, could the correction be made at the second or third term, if opposed. The policy of the law, as well as a due regard to the rights of all parties interested, would dictate that such application should be at an early day. If the correction may be made at a second, or later term, then, of course, the mistake would have to be made more and more evident and manifest, and the court should be fully and entirely satisfied that no prejudice could result therefrom. Where, however, it is made, as in this instance, without opposition, or by consent, then we are clear that it may be made at any time.

How far, if at all, the correction made may affect the rights of third persons, which may have grown up since the rendition of judgment in 1856, it is not necessary, and, of course, we do not undertake to determine. We decide the question as between the parties to this record, and for this case.

Judgment affirmed.