## Monroe et al. v. West et al.

1. MECHANIC'S LIEN: ORDER OF PRIORITY. The lien of a mechanic or one furnishing material attaches from the commencement of the work, or the furnishing of the first material under a contract, and embraces all work done or material furnished under such contract, either before or after the accruing of subsequent incumbrances on the property.
2. SAME: OWNER. A mechanic or material man may enforce his lien against property, for work done or material furnished under a con-. tract made with purchaser of the property improved, who held possession thereof under a bond for a deed.
3. SAME: CORRECTION OF JUDGMENT. A mistake in a judgment as to the date when a mechanic's lien attached may be corrected by proper proceedings; and the occurrence of such a mistake, if corrected, does not waive any priority to which the plaintiff was entitled, when the judgment was originally rendered.

*Appeal from Dubuque City Court.*

WEDNESDAY, JUNE 19.

THE facts and questions involved appear in the opinion.

*Samuels, Allison & Crane,* for the appellant.

I. The remedy for enforcing mechanic's lein given by the Code, being in derogation of the common law, must be strictly pursued.   *Greene & Bros.* v. *Ely;* 2 G. Greene, 508; *Logan & Cook* v. *Attix,* 7 Iowa, 77.

II. The lien of the mechanic or material man may commence when the furnishing of the material is completed

and not when it commenced. Code of 1851, § 981; *McCul-lough* v. *Coldwell*, 3 Eng. (Ark.) R. 231.

III. Knapp, Stout & Co. are estopped from amending the record so as to fix the commencement of their lien at an earlier date than that mentioned in the original judgment entry.

IV. The mechanic and material man, erecting a building or furnishing a material therefor, has no lien on the land on which it is erected if the person with whom he contracts has at the time only a bond for a deed. *Thaxter* v. *Williams, et al.*, 14 Pick, 49; *Howard* v. *Veasey*, 3 Gray, 233; *Johnson* v. *Pike*, 35 Maine, 291.

V. Knapp, Stout & Co. can at best have a priority of lien only to the extent of the value of the material actually furnished at the time appellant actually received his mortgage from West, they having knowledge that appellant had advanced his money and taken a mortgage lien on the premises. 1 Hilliard Mort, 288–297; *Choteau et al.* v. *Thompson*, 2 Ohio S. R., 130; *Brinkerhoff* v. *Marvin*, 3 John. Ch. 326; *Collins* v. *Carlyle*, 13 Ill., 254.

VI. The lien of a mechanic stands on no better footing than that of a judgment creditor, and cannot attach to an after acquired interest. *Harrington* v. *Sharp*, 1 G. Greenc., 131; *Woods* v. *Mains*, Ib. 275; *Cooper* v. *Cutshall*, 1 Carter, (Ind.), 240; *Modisett* v. *Johnson*, 2 Blackf., 431.

VII. The mechanic can have a lien on the interest of the contractor only. *Lund* v. *Murcerhead*, 31 Miss., 89; 7 S. & M., 235; 8 Ill., 444, 754.

VIII. The conveyance to West, and the mortgage to Nelson Monroe constitutes one and the same transaction, and the seizin in West being instantaneous, the seizin of the mechanic did not attach so at to take precedence of the lien upon the $3,000 procured to be released by Monroe. *Thaxter* v. *Williams, supra*; *Hallnot* v. *Finney*, 4 Mass. 466; *Clark* v. *Munroe*, 14 Mass. 351; *Lyon* v. *McGuffey*, 4 Barr, 126; *Love* v. *Jones* 4 Watts, 470; *Kittle* v. *Van Dyck*, 1 Sand.,

Ch., 181; *McCauley* v. *Grimes*, 2 Gill. & John., 381; *Gilliam* v. *Moore*, 4 Leigh, 31; 4 Kent., Com. 38.

*Bissell, Mills & Shiras,* for the appellees.

I. Under chaper 64 of the Code of 1851, a mechanic's lien will attach to any estate or interest which the party for whom the improvement is made may have upon the land upon which it is made. *Lyon* v. *McGuffey*, 4 Penn. S. R. 126; 27 Miss., 57; 1 Duer 675; 17 Ill., 300; 2 Ohio S. 123; 7 Ind., 125.

II. A mechanic's lien upon an equitable interest will attach to and hold the legal title if subsequently acquired by the debtor. *Lyon* v. *McGuffey, supra.*

III. Section 1580 of the Code of 1851 confers upon the District Court the power to correct evident mistakes in its record entries at any time. *Hurley* v. *Dubuque Gas Light and Coke Company,* 8 Iowa, 274.

WRIGHT, J.—The plaintiffs, as mortgagees, claim to have prior liens upon certain property of the defendant West. The co-defendants of West, (Knapp, Stout & Co.) claim that they have precedence by virtue of materials furnished by them for the erection of a house thereon. To determine which has priority, it is only material to settle some legal questions discussed by counsel.

I. And *first,* when does the lien of the mechanic or material man attach under our statute? The language of the statute is, (§ 981, Code of 1851,) that the mechanic has a lien, "against all persons except incumbrancers by judgment rendered, and by instrument recorded *before* the commencement of the work or the furnishing of the material." There is no difficulty in construing this language. Those who claim priority over the mechanic or material man must rely upon a judgment rendered or instrument recorded, *before* the work is commenced or the material furnished. The

mechanic's lien dates from the day that he commences work under his contract, or furnishes material, and attaches for all the work done and material furnished under such contract, whether before or after liens subsequently acquired by third persons, provided the work or delivery was *commenced* before. The mechanic, of course, relies upon a contract, and must show it in order to entitle him to a lien. Whatever he may do under such contract dates, as to his lien, from the day he commences work, and not from date of the performance of the several parts of his undertaking. For this purpose the contract is an entirety.

The case referred to in 3 Eng., (*McCullough* v. *Caldwell's Executors,*) is not in point. The Arkansas statute, under which that decision was made, is very different from ours. So far from providing, by implication even, that the lien should attach from the commencemet of the work, their statute left it entirely indefinite, when it did attach, but the court, (JOHNSON, C. J., delivering the opinion,) not without some doubt and difficulty, finally concluded that the legislature only intended to secure a lien from the time of the completion of the work. The statute of Ohio, (1843, § 7, p. 68,) was far form being as explicit as ours in this respect, and yet it was there held that the lien dated from the commencement of the labor, and that in this respect material men and laborers stood alike. *Choteau* v. *Thompson*, 2 Ohio State, 134.

II. At the time Knapp, Stout & Co., made the contract and commenced furnishing the lumber thereunder, the title to the real estate was in the Dubuque Harbor Company. West had a bond for a deed, and had entered into possession and commenced the erection of the house. Subsequent to this time, and after the delivery of the lumber had commenced, West obtained a title, and gave to the Company, on the same day, a mortgage on the same property to secure the balance of the purchase money. On the same day West made a mortgage to Nelson Monroe, to secure money then

borrowed.    About one month after this he executed another mortgage to Alonzo Monroe.    The material men continued to furnish lumber under their contract after, as well as before, these mortgages were executed.    The mortgagees knew at the time of taking their mortgages that K., S. & Co., were furnishing material and claimed a mechanic's lien, and K., S. & Co. had knowledge of the mortgages at the time they were made.    They were filed for record on the day of their respecective dates.    Appellants (N. and A. Monroe,) now claim that West had no such interest in the property at the time of making the contract with K., S. & Co., and at the time they commenced furnishing the lumber, as that a lien could attach in favor of said Knapp, Stout & Co.

The language of the statute is, that the contract must be made with the "owner," and this word "includes any person who has *an estate or interest* in the land, and the lien extends to the whole of his *estate or interest*.    (§ 981–2.) It has been held that where the contract was made with a person having no title or interest in the land, the mechanic could not enforce his lien.    (*Redman* v. *Williamson, et al.*, 2 Iowa, 488.)    And mere possession without right or interest to, or in the reality, is not sufficient.    *Reed & Downs* v. *Houston and Hunt, ante.*    But these are very different cases from that now before us.    To say that West had not an interest within the meaning of our statute, would be subversive of the policy of the act and to some extent at least, render it useless.    And when applied to the circumstances of this case, such a construction would be inequitable and unjust.    For when appellants took their mortgages they had full knowledge that the material men were furnishing lumber under a prior contract, the fulfilment of which they had commenced, and that they claimed a lien.    Not only so, but these materials were put into the house erected on the premises, after as well as before the mortgages were given, and thus enhanced the value of the mortgaged premises.

To sustain their position, however, appellants refer us to some authorities based upon the Massachusetts statute. The leading case relied upon is that *Thaxter* v. *Williams*, 14 Pick., 49. In that case, the person with whom the mechanics contracted, held a covenant to convey; he afterwards received a deed, and at the same time mortgaged the premises to a third person, *who advanced the purchase money*; and it was held that as the seisin of the covenantee was instantaneous, no lien attached upon the land in favor of the mechanic. For several reasons this case is not decisive of the question before us. In the first place, as to the mortgage of Alonzo Monroe, it is not applicable, for West had title for more than a month before he thus encumbered. In the next place, while Nelson Monroe refused to loan West money until he procured his deed, and while the Dubuque Harbor Company, released the property from their lien for a portion of the purchase money, at the instance of said Monroe, yet he *did not advance* any portion of such money, and he was not entitled to any equitable lien or precedence therefor from that consideration. Not only so, but the Massachusetts statute uses the words "proprietor" and "owner," without any definition as to what these include. And then when that statute proceeds further and declares that the lien shall not only be upon the land, but that it shall give the right to redeem, where the same has been previously conveyed by mortgage, it clearly contemplates a different estate or title from that provided for by our law.

The case in 3 Gray, 233 (*Howard* v. *Veazie*,) was decided under a still different statute, which provides that the contract shall be in writing, signed by a person who is the owner and, in fee simple or some other *estate less* than the fee. It no where appeared that the person against whose land the lien was claimed had at the time of the contract an estate or interest of any description in the same.

*Holbrook* v. *Finny*, 4 Mass., 566, only recognizes the

Monroe et al. v. West et al.

doctrine that if A conveys to B, who at the same time gives a mortgage on the same premises to A, to secure the purchase money, the seisin of B is not sufficient to entitle his wife to dower in the land. And in *Chickering* v. *Lovejoy*, 13 Mass., 51, the case turned upon the question whether the seisin of the attachment debtor was or was not so instantaneous as to exempt or render liable the land to such process in favor of his creditors.

These cases, in view of their facts as well as the statutes upon which they were based, are not appliable to the case at bar. That a person holding a bond for a deed, under which he enters into possession, and exercises acts of ownership, has an *interest* thereto, within the meaning of our law, we entertain no doubt. It will be observed that the word "owner" includes an "*estate or interest.*" By the use of the word "interest" it was manifestly the intention to give the lien, though there might not be an "estate" in the technical sense. . The Ohio statute uses the word "owner" alone, and it is there held that this includes not only the fee, but also the owner of a lease hold estate. (*Dutro* v. *Wilson*, 4 Ohio State, 101; *Choteau* v. *Thompson, supra.*)

This interest being·sufficient at the time of the contract, and at the time the materials were furnished, the subsequent procurement of the full legal title would not affect the lien.

III. It seems that Knapp, Stout & Co. obtained a judgment for the lumber furnished, recognizing their lien. They subsequently, by application to the court, on petition and notice to West, obtained a correction of this judgment, so as to make it appear that the lien attached at a date prior to that previously shown. Appellants now contend that Knapp, Stout & Co. were estopped by the record as it first stood, and that this correction cannot have the effect of giving them a precedence to which they were not before entitled. If the lien of appellants attached after the first judgment,

Keenan v. The Mo. State Mutual Ins. Co.; and Snyder v. The Same.

before its correction, and in ignorance of the claim of K., S. & Co., then their position would have weight. It attached before however, and this proceeding, as we understand it was but the the correction of a mistake, which in no proper sense, can be said to interfere with any right to which appellants were entitled. (*Hurley* v. *Dubuque Gas Light Company*, 8 Iowa, 274.

Affirmed.