SERVICE LUMBER & SUPPLY COMPANY, *Appellant*, v. J. A. Cox, *Appellee.*

Division A.

Opinion filed September 17, 1929.

*C. P. Diamond,* for Appellant;

*Alto Adams* and *W. H. Wolfe,* for Appellee.

ELLIS, J.—This is a suit to enforce a lien for materials furnished and labor performed by J. A. Cox for Harry S. Blackford and L. F. David in the construction of a house on the north half of Lot 6 of Jacoby's Addition to Vero Beach.

There was a decree in favor of Cox who brought the suit against Blackford and David and Service Lumber & Supply Company, a corporation, which purchased the north half of the lot from Blackford and David after a notice of lien by Cox upon the entire lot had been filed and recorded in the clerk's office.

The Service Lumber & Supply Company answered and so did David, but a decree *pro confesso* was entered against Blackford. The Service Lumber and Supply Company only appealed.

Three questions are presented by appellant in an attack upon the decree. First, Blackford and David were not the owners of the property at the time the labor and materials were performed and furnished by Cox. That fact is averred to be true in the answer of the corporation but the answer of David does not aver it to be true and the evidence tends to establish the fact that Blackford and David owned the lot, caused the house to be built upon the north half of the lot for themselves and Blackford, moved into it on Feb-

ruary 12, 1926, and they afterwards sold the north half of the lot to the Service Lumber & Supply Company some time in August, 1926. Mr. David testified that although they owned the property the deed conveying it was not obtained by them until after the house was finished. They built the house however and supervised its construction.

Liens for labor and material as provided for by the statute may be acquired against the "owner, absolute or limited, of the property, real or personal, upon which a lien is claimed." See Sec. 5380, Comp. Gen. Laws 1927.

Even if Blackford and David did not actually have in their possession a deed of conveyance to the property they were in possession of it, caused the house to be built for themselves, and later obtained the deed of conveyance to the lot.

Under some statutes of early date it was generally understood that legal estates only could be subjected to a mechanic's lien; the word owner being construed to mean the owner of the legal title, not the vendee under a contract for conveyance. See Lamb v. Cannon, 38 N. J. L. 362; Hayes v. Fessenden, 106 Mass. 228; Johnson v. Pike, 35 Me. 291.

Under statutes like the Florida law, however, the right to a lien is not limited to an estate in fee but extends to any interest of the person that is transferable in the real estate at whose instance the building was erected. See Horn v. Clark Hardware Co., 54 Colo. 522, 131 Pac. R. 405, 45 L. R. A. (N. S.) 100.

A person in possession is presumed to have an interest chargeable with a lien until the contrary is made to appear. The lien attaches to whatever interest the owner had when the work was begun and to another or greater interest whenever acquired before the lien is enforced. See Jarvis v. State Bank, 22 Colo. 309, 45 Pac. R. 505, 55 A. S. R. 129; Salem v. Lane & Bodley Co., 189 Ill. 593, 60 N. E. R. 37,

82 A. S. R. 481; Monroe v. West, 12 Iowa 119, 79 Am. Dec. 524; Rochford v. Rochford, 188 Mass. 108, 74 N. E. R. 299, 108 A. S. R. 465; 18 R. C. D., p. 885.

The first point of attack therefore must fail.

The second attack is that the notice of lien was not filed within three months after the labor was performed and the material furnished. The statute requires this to be done. No notice of a perfected lien shall be effectual against creditors or purchasers of the owner without notice unless it be filed within three months after the entire performance of the labor or the entire furnishing of the material. (Sec. 3517, Rev. Gen. Stats. 1920), Sec. 5380, Comp. Gen. Laws 1927.

The property was acquired by the Service Lumber & Supply Company about August 11, 1926. The lien of the complainant Cox was filed June 5, 1926, in the clerk's office. The material and labor for which the lien was declared were furnished March 15, 1926, and April 1st of that year, according to the allegations of the bill of complaint. The lumber company's answer denies that allegation while the answer of David, one of the defendants, denies the existence of any contract between Cox and the copartnership of Blackford and David. The evidence, however, tends to show that Cox furnished materials and performed labor on the house for which he would be entitled to a lien on the premises under the statute; that he began work in January during the latter part of the month and finished about the 15th of March, 1926. On that date he made out a bill and gave it to Blackford and David although the "bulk of the work was finished" some time in February. The evidence justifies the chancellor's finding that the parties interested did not consider the "job as finished" until the complainant completed certain work of lathing and plastering, which he called "patching," which amounted to about a day's

work some time in March. It has not been made to appear that the chancellor's finding on this point in the controversy was erroneous so it will not be disturbed. See Johns v. Bowden, 72 Fla. 530, 73 So. R. 603; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. R. 216; Douglas v. Ogle, 80 Fla. 42, 85 So. R. 243.

The Service Lumber & Supply Company, however, had actual notice that the material was furnished and labor performed by Cox upon the property which it afterwards purchased from Blackford and David. And whether Cox performed the labor and supplied the material under a contract or employment, if any such distinction can be made in this case as appellant seeks to make, the fact remains that Cox supplied the materials consisting of metal laths and performed the labor of putting on such laths and wood laths which his employer required. The metal laths were purchased from Service Lumber & Supply Company by O. A. Anders and by him sold to Cox; that O. A. Anders had the contract for the plastering on the house next to the one under consideration and belonging to Blackford and David. From the evidence in the case it was reasonable to conclude that the defendant corporation had actual notice of the furnishing of material and labor by Cox in the construction of the building it purchased. It was also reasonable to infer that the matter of completing the work by doing patch work amounting to a day's labor was not such a negligible or unimportant part of the agreement under which Cox worked as to be considered as having no bearing upon the question as to when the work was completed, because the owner of the property considered it so important that he refused to make a payment upon the account until that work was completed and used it as an excuse for delaying payment.

The third point of attack is that inasmuch as the notice of lien describes the entire lot 6 of Block 9, Jacoby's Addi-

tion to City of Vero Beach as the property upon which Cox declared his lien, he should not be granted a decree enforcing the lien as to the north half of the lot upon which the house is located on which Cox furnished the labor and supplied part of the material in its construction. No authority is cited in support of the proposition and we do not perceive any merit in the point.

No error appears to have been committed by the chancellor so the decree is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.