MIAMI REAL ESTATE COMPANY, a Florida Corporation; S. BOBO DEAN CORPORATION, a Florida Corporation; LEO J. COYLE and ANNA N. COYLE, his Wife; PHILIP HENICK, also known as PHILIP HANICK, and —— HANICK, his Wife, *Appellants,* v. DAVID E. BAXTER, *Appellee.*

Division A.

Opinion filed November 14, 1929.

*James M. Carson* and *Semple & Hirschman,* Attorneys for Appellants;

*Harold M. Wilson,* Attorney for Appellee.

BROWN, J.—This cause comes on for hearing upon a motion by the appellee to quash the appeal taken by appellant, S. Bobo Dean Corporation, in behalf of itself and the other

defendants in the court below from the order overruling exceptions to the Master's report and from the final decree of foreclosure rendered by the chancellor on the ground that the appeal is frivolous, and for delay.

The bill in this case was filed January 24, 1928, by David E. Baxter to foreclose a first mortgage executed on described property in the sum of $30,000.00, dated December 1st, 1922, filed for record on December 5th, 1922, and made payable December 1st, 1925. This mortgage was executed by the Miami Real Estate Company, then owner of the property. On October 11, 1923, the Miami Real Estate Company conveyed the property to S. Bobo Dean Corporation, the deed reciting that it was made subject to appellee's mortgage but it did not contain any assumption of payment of such mortgage by the grantee. On March 21, 1925, the Dean Corporation conveyed the property to Coyle and Hanick. This deed was made subject to complainant's first mortgage and contained a clause reading: "which said mortgage the purchaser herein agrees to assume and to pay at maturity," and Coyle and Hanick gave to the Dean Corporation a second mortgage on the property to secure the balance due on the purchase price in the sum of $90,000.00, dated March 25, 1925, which mortgage was subsequently foreclosed by the Dean Corporation, such foreclosure proceedings having been begun some time prior to the commencement of the instant suit, and were pending when this suit was filed.

In November, 1925, a few days before the first mortgage became due and payable on December 1st, 1925, complainant Baxter granted a valid extension agreement to Coyle and Hanick, the then owners of the property who had assumed and agreed to pay Baxter's mortgage, extending the time of payment of the principal of said mortgage until December 1st, 1926, a period of one year, which extension agreement was filed for record on November 21, 1925.

The fact of this extension was set up by the Dean Corporation in an answer filed in the cause, which answer alleged:

"that on or about the 1st day of December, A. D. 1925, the complainant then and there claiming to be the owner and holder of the mortgage and note described in the bill of complaint herein, for valuable consideration, entered into a certain agreement with the defendants, Leo J. Coyle and Philip Hanick, wherein and whereby the complainant promised and agreed to and did extend the time for the payment of the principal sum of complainant's mortgage and note for a period of one year from December 1st, 1925, to the great prejudice and damage of this answering defendant, S. Bobo Dean Corporation, a Florida Corporation."

It thus appears from the pleadings and evidence that the Dean Corporation was not the owner of the land in question at the time of the execution by the complainant of the extension agreement to Coyle and that it did not institute proceedings to foreclose its second mortgage until some months after the extension period had expired, nor did it reacquire title to the property until a Master's deed was executed to it in June, 1928, after the present suit was begun, which master's deed was made subject to appellee's first mortgage. It further appears that the appellant took its second mortgage with notice of complainant's first mortgage and acquired title to the property by means of the master's deed with full knowledge of complainant's mortgage and of the fact that the time for payment thereof had been extended, and that the period of extension had long since expired.

The master's findings were favorable to the complainant in the court below, but he did find, and properly so, that the Dean Corporation had not assumed or agreed to pay

any indebtedness secured by complainant's first mortgage and that therefore no personal judgment should be entered against such corporation. He found the total amount of principal and interest due to the complainant to be $37,-072.00. In the motion by complainant for final decree it was shown that since the filing of the master's report complainant had paid the State, county, city and special district taxes on the property for 1926, 1927 and 1928, amounting to $7,202.07, attaching the original tax receipts. The court added this to the amount found due by the master, and ascertained $45,228.97 as the total amount due under the first mortgage. The exceptions to the master's report were overruled and the chancellor rendered a decree of foreclosure on April 12, 1929, in which the property was ordered to be sold to satisfy the amount found to be due the complainant and providing that if there should be any surplus realized from the sale, the same should be paid over to the defendant, S. Bobo Dean Corporation. No provision was made for a deficiency decree against anyone, nor was any prayed for in the bill except as against the Miami Real Estate Company. The general master had recommended that the complainant be limited for relief to the property itself. It also appears from the record that the appellant Dean Corporation went into possession of the property under the master's deed issued in its foreclosure of its second mortgage. That said corporation appealed on May 17, 1929, from the decree in the case at bar foreclosing the first mortgage, and secured a supersedeas shortly thereafter, upon making bond in the sum of $3,000.00.

The theory of the novel defense presented by the appellant in the court below seems to be that the first mortgagee had no right, at the request of the then owners of the property, Coyle and Hanick, to extend his first mortgage without the knowledge and consent of appellant as the

holder of a junior mortgage although taken with notice of such first mortgage; that this action on the part of the first mortgagee was "unauthorized" and caused damage to the appellant because it could have refinanced such first mortgage during the extesion period—December 1st, 1925, to December 1st, 1926—but that after the expiration of such extension period conditions in the real estate market had so changed that it could not do so. Not a single authority was cited in support of this proposition, either upon the oral argument accorded, or by brief, and we apprehend that none can be found.

Nor does the evidence show that the Dean Corporation made any effort to refinance the first mortgage during the period of extension, or even considered doing so. Mr. Baxter testified that about the time the extension was granted by him, he told Mr. Dean, president of the Dean Corporation, that he had extended the principal for one year; that Coyle and Hanick had met the interest payments, but were absolutely unable to make any payment of principal. Mr. Dean, on the other hand, testified that he did not consent to the extension and did not know anything about it until sometime in the early part of the year 1927. He further testified that Coyle and Hanick were in his office sometime in the early part of 1926, talking about payments on the second mortgage, and he asked them, "how about that first mortgage," and they told him, "We have take care of that," which caused him to think it had been paid. On cross examination, he testified that he thought this conversation with Coyle and Hanick must have been in the early part of 1927, at which time the extension had expired. He said that if he had known about this extension he would not have allowed his second mortgage to continue in default; that he was quite sure he could have refinanced the entire proposition in the early part of 1926; that after he

learned of the extension somewhere around June, 1927, six months after it had expired, he made an effort to refinance the first mortgage which was unsuccessful. He admitted that he never at any time after learning of the extension took the matter up with Baxter.

So the evidence shows no semblance of "unauthorized" or wrongful conduct on the part of Baxter. Nor did the Dean Corporation or its president appear to consider that Baxter had done anything improper before this suit was brought. This is shown by certain correspondence between the parties in 1927. On May 21, 1927, the Dean Corporation by ·its president wrote Baxter inquiring if the interest on his mortgage was being paid promptly, saying: "As you know, we hold a second mortgage on this property, but are unable to collect either principal or interest and one of the reasons offered by Messrs. Coyle and Hanick why we should not foreclose on them is the fact that they are taking care of your mortgage, as well as the taxes. We find that the taxes in the City of Miami have not been paid, and are now being advertised for sale." On May 25, 1927, Baxter replied that while the interest on his mortgage had been paid, it had not been paid·promptly; that another interest payment would fall due·June 1st, and he would be pleased to let Dean know if it was paid should he so desire, and that he was surprised to hear the taxes had not been paid. On June 18, 1927, Baxter again wrote Dean, informing him that Coyle and Hanick had paid no attention to the collection notice, and that he had advised them that he did not desire to carry his mortgage any longer and that unless they paid the interest and taxes within ten days he would foreclose. On June 22, the Dean Corporation wrote, in reply to this last letter from Baxter, saying that previous to receiving such letter they had placed all papers in connection with their second mortgage

in the hands of their attorney with instructions to start foreclosure proceedings, adding "When this suit is settled we, of course, will all make satisfactory adjustments with you, and we will appreciate any co-operation you may give us. We would be glad to hear from you and receive and suggestions you may care to offer." These letters speak for themselves.

There are cases holding that where a purchaser of mortgaged property assumes the payment of the mortgage and becomes the principal debtor and the mortgagor becomes a surety of the debt merely, an extension of the time of payment of the mortgage made upon a valid consideration between the holder of the mortgage and the purchaser, without the concurrence of the original mortgagor, the latter is discharged from liability and upon the mortgage debt. There are also cases to the contrary. But the doctrine alluded to has no application here. There is no question of suretyship involved in this case. The Dean Corporation had in no wise assumed any personal responsibility for the debt secured by Baxter's first mortgage. It was therefore, as the mere holder of a second mortgage, in no position to object to the granting of the extension, had it done so. And even if it had been injured by the granting of the extension by reason of the frustration of its efforts during the extension period to refinance the first mortgage —which the evidence does not show—it would have had no legal or equitable cause of complaint against the first mortgagee. The Dean Corporation, as we have seen, purchased the property from the original mortgagor without assuming the mortgage debt; then sold it to third parties subject to the first mortgage which it required its purchasers to assume, and took its second mortgage from such purchasers. Surely it cannot be seriously contended that under these circumstances the first mortgagee did not have the right to

extend the payment of his mortgage without first obtaining the consent of the second mortgagee. And yet that seems to be the ultimate theory upon which this appeal was taken.

We hardly think any minute examination or citation of authorities is necessary (Hollad v. Webster, 43 Fla. 85, 29 So. R. 625), in Jones on Mortgages, 8th ed., Sec. 922, it is said:

"A purchaser who has assumed no personal liability to the mortgagor which the latter can enforce, but has merely bought subject to the mortgage, is in no sense the surety of his vendor; and an extension of the time of payment made between the mortgagor and the mortgagee does not release or discharge the lien of the mortgage upon the land in favor of the purchaser."

Where a second mortgagee does not occupy the position of a surety for the first mortgage debt, and the first mortgagee, without the consent of the second mortgagee, grants to the mortgagor an extension of time for payment of the mortgage debt, but without any actual or intended discharge of the mortgage or the taking of a new one, and without fraudulent intent as regards the second mortgagee, the latter cannot claim to be preferred to the first mortgagee merely on the ground of such extension. 41 C. J., 582; Farmers Bank v. Mutual Assurance Society, 4 Leigh (31 Va.) 69, 67; Whittacre v. Fuller, 5 Minn. 508; Fry v. Shehee, 55 Ga. 208; First National Bank v. Citizens' State Bank, 11 Wyo. 32, 70 Pac. R. 726; 100 Am. S. R. 925; Kraft v. Holzmann, 206 Ill. 548, 69 N. E. R. 574; 20 Am. & Eng. Encyc. Law, 1058.

The motion to quash the appeal will therefore be, and is hereby, granted.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.