McKENZIE M. DUNLAP and M. T. DUNLAP, doing business as a partnership under the name of DUNLAP & SON, *Complainants in Error,* vs. F. W. TEAGLE and A. W. HORSTMYER, et al., *Defendants in Error.*

Division A.

Opinion filed May 28, 1931.

722

*M. R. McDonald,* for Complainants in Error;

*Haskins, Gregory & Gordon,* for Defendants in Error.

BUFORD, C.J.—This was a suit of materialman to foreclose his lien acquired by furnishing labor and material for the construction of a building on a certain lot. It may be gathered from the record that on October 15th 1925, the lot in question was owned by one Cora H. Lane, a widow, and that she gave some sort of authority which is not clearly shown by the record, to one A. C. Heacock to purchase the same or to sell it for her. At that time Andrews, Carson and Haskins held a mortgage to secure the sum of $1500.00 executed by Mrs. Cora H. Lane, a widow, dated May 27th 1925, and securing three notes of even date for $500.00 each, due one, two and three years after date. Heacock sold the land under his option to Horstmyer and Teagle but before Horstmyer and Teagle would buy the property they had an agreement through their agent with Andrews, Carson and Haskins by which it was agreed that Andrews, Carson and Haskins would cancel the Cora Lane mortgage, allow a building mortgage to be placed on the property by Horstmyer and Teagle and would take new notes and mortgage from Horstmyer and Teagle to be inferior to the building loan mortgage which such second mortgage was to be in the sum of $1,-500.00 to be dated November 15th, 1925, and to secure notes of even date for $500.00 each, payable, one, two and three years after date.

The pleadings show that the first mortgage was executed in favor of Highlands Mortgage Company and the mortgage was made and executed as per agreement between

Horstmyer and Teagle on the one part and Andrews, Carson and Haskins on the other, in which it is recited, "This mortgage is given subject to that certain mortgage given by the mortgagors herein to the Highlands Mortgage Company dated November 15, 1925."

The record shows further that the deed from Mrs. Lane to Horstmyer and Teagle, the satisfaction of the mortgage from Mrs. Lane to Andrews, Carson and Haskins, the mortgage from Horstmyer and Teagle to Andrews, Carson and Haskins and the mortgage from Horstmyer and Teagle to Highlands Mortgage Company were all filed for record on the 28th day of December, 1925. The record shows that Ross & Dunlop, the predecessors of Dunlop & Son, entered into a contract with Horstmyer and Teagle on the 16th day of October, 1925, to build a house on the lot in question; that they began to furnish material for this house on October 16, 1925, and finished the job in April of the succeeding year. There is no evidence whatever that the contractors and builders J. F. Ross and M. T. Dunlop doing business as Ross & Dunlop, or McKenzie M. Dunlop who succeeded Ross in the firm that was afterwards known as Dunlop & Son, had any notice, constructive or otherwise, of the transactions and agreements between Andrews, Carson and Haskins on the one part, Mrs. Cora Lane on another part, and Teagle and Horstmyer on the other part, resulting in the new notes and mortgage being given by Horstmyer and Teagle after the contractors had begun the construction of the building and while they were furnishing labor and material for the construction of the same.

Decree was in favor of the complainants for $3,936.89 with a lien on the property subject only to a lien in favor of Andrews, Carson and Haskins under the mortgage

dated May 27, 1925, for the sum of $1500.00 with interest from date. The satisfaction of the Lane mortgage was cancelled and the Lane mortgage was re-established.

From the decree appeal was taken. Cora H. Lane was not a party to the suit.

It is necessary to make a rather long statement of the facts, as they are so complicated, in this case, but it will not require so much space to state the law applicable to these facts. It will be observed that the satisfaction of the Cora Lane mortgage completely discharged her from the obligation of the debt and there is no evidence in the record that Horstmyer and Teagle had obligated themselves to her to pay the debt. It is evident from the record that Horstmyer and Teagle on the 16th day of November, 1925, assumed possession of the property and turned the contractors into possesion for the purpose of carrying out the building contract. The position of the contractors was one which they could assume that Horstmyer and Teagle were the owners absolute or limited of the property. In Service Lumber & Supply Co. vs. Cox, 98 Fla. 405, 123 Sou. 820, this Court held:

"Under statutes like the Florida law, however, the right to a lien is not limited to an estate in fee, but extends to any interest of the person that is transferable in the real estate at whose instance the building was erected. See Horn vs. Clark Hardware Co., 54 Colo. 522, 131 P. 405, 45 L.R.A. (N.S.) 100.

A person in possession is presumed to have an interest chargeable with a lien until the contrary is made to appear. The lien attaches to whatever interest the owner had when the work was begun and to another or greater interest whenever acquired before the lien is enforced. See Jarvis vs. State Bank, 22 Colo. 309, 45 P. 505, 55 Am. St. Rep. 129; Salem v. Lane & Bodley

Co., 189 Ill. 593, 60 N.E. 37, 82 Am. St. Rep. 481; Munroe v. West, 12 Iowa 119, 79 Am. Dec. 524; Rochford v. Rochford, 188 Mass. 108, 74 N.E 299, 108 Am. St. Rep. 465; 18 R.C.L. p. 885.''

It is well settled in this State that one taking a mortgage during the period when labor and material are being furnished for the construction of a building on the property embraced in the mortgage takes the same with notice of the laborer's or materialman's lien and the mortgage is inferior to such lien.

In Bowery vs. Babbitt, filed May 20, 1930, reported 128 Sou. 801, this Court said:

"Under paragraph 1 of section 3517, Rev. Gen. Stats. (paragraph 1, 5380, Compiled General Laws of Florida, 1927), a person who takes a mortgage from the owner of property, upon which the construction of a building is in progress, takes with notice of any liens that may have already been acquired thereon by the furnishing of labor or materials for the erection of such building, whether notice of such lien has been recorded on the public records or not, and without regard to the expiration of the 3 months' period which is allowed under paragraph 2 of such statute, for the recording of such notice after the entire performance of the labor or the entire furnishing of the material. Peoples Bank of Jacksonville, v. Va. Bridge & I. Co., 94 Fla. 474, 113 So. 680. See also Peoples Bank v. Arbuckle, 82 Fla. 479, 90 So. 458.''

The evidence in the record before us does not support the theory that the mortgage executed by Horstmyer and Teagle to Andrews, Carson and Haskins was induced or procured by any fraud on the part of Highlands Mortgage Company or on the part of the contractors. In that mortgage it was specifically provided pursuant to agree-

ment between the parties to the mortgage that the mortgage to be executed by Horstmyer and Teagle to Highlands Mortgage Company should be prior in dignity to the Andrews, Carson and Haskins mortgage and Highlands Mortgage Company was entitled to rely upon that agreement and deal accordingly.

Therefore, it is seen that the voluntary conduct of Andrews, Carson and Haskins released their prior lien created by the Lane mortgage and substituted in lieu thereof a lien subordinate to the Highlands Mortgage Company mortgage. By this act they necessarily subordinated their lien to any lien that was superior to the lien created by the Highlands Mortgage Company mortgage.

It can not be questioned that things equal to the same thing are equal to each other and it is equally true that if B is inferior to A and C is inferior to B, C is also necessarily inferior to A.

The conclusion necessarily is that Highlands Mortgage Company, having acquired a lien inferior to that of the contractor under the authorities hereinbefore cited and Andrews, Carson and Haskins having by their conduct subordinated their lien to that of Highlands Mortgage Company, they took third place in priorities as between the contractor, Highlands Mortgage Company and Andrews, Carson and Haskins.

For the reason stated, the decree appealed from should be reversed with directions that decree be entered in accordance with the views herein expressed. It is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.