139 So.2d 743 (1962)
E.W. RUSSELL, Jr., Also Known As Bill Russell, Appellant,
v.
George M. DANFORD and Lenner Danford, His Wife, Appellees.
No. D-47.
District Court of Appeal of Florida. First District.
April 10, 1962.
Raymond, Wilson & Karl, Daytona Beach, for appellants.
Maurice Wagner and Richard D. Bertone, Daytona Beach, for appellees.
PER CURIAM.
Appellant instituted suit to foreclose a mechanic's lien for labor performed and materials furnished in constructing a dwelling under a contract with appellees. On final hearing a decree was rendered dismissing the complaint. It is from the decree of dismissal that this appeal is taken.
The critical question before the chancellor was whether appellant's claim of lien was filed within ninety days from the date *744 the last materials were furnished and labor performed, as contemplated by the mechanic's lien law of this state. From the proof adduced the chancellor found that the contract performed by appellant was completed, and was so considered by both the contractor and the owner, on a date more than ninety days prior to filing the claim of lien sought to be foreclosed.
Appellant contended before the chancellor, and contends here, that because of certain additional work performed by him some sixty days subsequent to the date on which the chancellor found that the contract had been fully completed, his time for filing a claim of lien did not commence to run until the latter date, and that his claim was actually filed for record within the statutory time after the last work was performed by him under the contract. By his decree, however, the chancellor found that the inconsequential amount of work done by appellant after the date on which the contract was completed was for the purpose of correcting defects which plaintiff was obligated to correct under the express warranty provision of the contract between the parties. It was therefore held that the date on which work was last performed could not be considered as the completion date of the contract from which the time for filing the claim of lien commenced to run.
From a careful review of the record we find there is competent substantial evidence to support the finding of the chancellor, and his decree of dismissal based upon such finding should not be disturbed.
Appellant relies upon three decisions rendered by the Supreme Court as authority for reversal of the decree appealed. In the People's Bank case cited by appellant the Supreme Court merely affirmed a decree in which the chancellor found that the time within which the lien claimant was required to file his claim of lien commenced to run from the date on which the contract for the supplying of materials was substantially performed, and that such time was not extended by a subsequent delivery of a small amount of supplies which should have been delivered at the time the first supplies were furnished.[1]
In the Service Lumber Company case the chancellor found that the work performed by the lien claimant under the contract had not been completed, nor was it considered by either of the parties to have been completed, until the last small amount of work called for by the contract was performed. The chancellor held that the time for filing the claim of lien commenced to run when the last work was performed, and not at an earlier date when the contract was substantially completed. On appeal this finding and determination was affirmed by the Supreme Court.[2]
A similar factual situation was present in the Century Trust Co. case. The chancellor resolved the issue by finding that the work for which a lien was claimed had not been finally completed until the last small detail of the contract had been complied with, even though the building was substantially complete on a date prior to the final performance of the work. On this finding the chancellor held that the suit to foreclose the lien was filed within the statutory period following the last performance of work by the contractor, which decree was affirmed on appeal by the Supreme Court.[3]
In each of the foregoing cases cited by appellant the disputed issue of fact relative to the critical date from which the time for filing a claim of lien commenced to run was resolved by the chancellor on the evidence adduced before him. In each case his finding *745 was affirmed on appeal by the Supreme Court. We do not consider that any of these decisions are authority for a principle of law that clearly requires a reversal of the decree appealed.
We have considered the remaining assignments of error but find them to be without substantial merit. The decree is accordingly affirmed.
CARROLL, DONALD K., Chief Judge, and STURGIS and WIGGINTON, JJ., concur.
NOTES
[1] People's Bank of Jacksonville v. Virginia Bridge & Iron Co., 94 Fla. 474, 113 So. 680.
[2] Service Lumber & Supply Co. v. Cox, 98 Fla. 405, 123 So. 820.
[3] Century Trust Co. of Baltimore v. Allison Realty Co., 105 Fla. 456, 141 So. 612.