Zimmerman, J.
There are two matters for determination by this court:
1. Was it necessary for appellee under Section 1311.06, Revised Code, to name both the appellants, tenants in common of the real property involved, in its affidavit for a mechanic’s lien to have an effective lien as to the interest in the property of the one named?
2. Was it necessary under Section 1311.04, Revised Code, for appellee, in its affidavit, to include the Leonard L. Smith Marble Tile & Slate Company as a materialman?
Section 1311.01, Revised Code, found in the chapter on liens, contains definitions and provides in part:
“As used in Sections 1311.01 to 1311.24, inclusive, of the Revised Code:
“(A) ‘Owner,’ ‘part owner,’ or ‘lessee’ includes all the interests either legal or equitable, which such person may have in the real estate upon which the improvements contemplated under such sections are made * *
Section 1311.06, Revised Code, as pertinent to the instant case, recites:
“Every * * * subcontractor * * * shall make and file for record * * * an affidavit showing the amount due over and above all legal setoffs, a description of the property to be charged with the lien, the name and address of the person to or for whom such machinery, material, or fuel was furnished and labor performed, the name of the owner, part owner, or lessee, if known, and the name and address of the lien claimant.”
In Demann’s Ohio Mechanic’s Lien Law (2 Ed.), 158, Section 7.6, the author states:
“It is well settled that only the interest of those who contract for the improvement can be subjected to a lien, and while a tenant in common relationship should not be construed to give rise to an implied agency permitting a co-tenant to bind the interest of his co-tenant without his consent, it would seem, in view of the language of General Code Section 8310 [now Section 1311.02, Revised O&de], ‘By virtue of a contract, express or implied, with the owner, part owner or lessee, of any interest in real estate * * * shall have a lien * * # upon the interest, leasehold or otherwise,’ that lack of consent of a co- *162 tenant or failure on the part of the lien claimant to properly perfect his lien against the interest of a co-tenant who also contracted for the improvement, should not affect the validity of the lien against the interest of the other as to which the lien has been properly perfected.”
Such quoted statement corresponds with our interpretation of the Ohio Mechanic’s Lien Law and is in accordance with the holdings in other jurisdictions. See Dunlap v. Teagle, 101 Fla., 721, 135 So., 132; Norris v. Nitsch, 183 Kan., 86, 325 P. (2d), 326; McClintic-Marshall Co. v. Ford Motor Co., 254 Mich., 305, 236 N. W., 792, 72 A. L. R., 807; 36 American Jurisprudence, 68, Section 84; 57 Corpus Juris Secundum, 744, Mechanics’ Liens, Section 191.
Therefore, the Court of Appeals correctly held that appellee had perfected a valid lien as to the interest in the real property owned by appellant Vincent J. Ellerbrock, and the appellee concedes that its lien covers only his interest.
As to the necessity for the inclusion in appellee’s affidavit of the materialman, the Leonard L. Smith Marble Tile & Slate Company, although such materialman cut and shaped marble sills at the direction of appellee to fit appellants’ residence, it had no knowledge of the location or identity of the structure where the sills were to be placed, had no knowledge of appellants, contracted solely with appellee and looked exclusively to appellee for payment. In these circumstances, such material-man does not meet the description of a materialman under Section 1311.04, Revised Code, whom appellee should have included as such in its affidavit. In short, a materialman who furnishes materials to another materialman without knowledge of the specific use to be made of them and who looks entirely to the latter for compensation need not be included as a materialman in the affidavit for a mechanic’s lien. Choteau v. Thompson, 2 Ohio St., 114; and Demann’s Ohio Mechanic’s Lien Law (2 Ed.), 51 et seq., Section 3.5.
We find no error in the judgment of the Court of Appeals herein, and it is, accordingly, affirmed.

Judgment affirmed.

Taft, C. J., Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.