Peter BROD, Appellant,

v.

THIRD REALTY COMPANY, Appellee.

No. 21081.

United States Court of Appeals
Fifth Circuit.

Jan. 12, 1965.

Rehearing Denied Feb. 8 and
March 29, 1965.

**592**

Joseph G. Weiss, Miami, Fla., for appellant.

Loring P. Evans, Jr., Dan G. Wheeler, Jr., Miami, Fla., for appellee.

Before JONES and GEWIN, Circuit Judges, and ESTES, District Judge.

JONES, Circuit Judge.

The question for determination is one of lien priorities requiring the application of the bankruptcy law of the United States and the lien laws of Florida.

The facts from which the controversy stems are not in conflict on any material point. Karl Phillips, Inc. was occupying property in Dade County, Florida, as a tenant of Third Realty Company, the appellee. Karl Phillips, Inc., on August 16, 1960, gave to Edward A. Gillespie an installment note for $10,000, which was secured by a chattel mortgage on property situate in the rented premises. The landlord, Third Realty Company, expressly subordinated its landlord's lien to the lien of the chattel mortgage. In June of 1961, and before the final installment of the obligation had become payable, Gillespie entered into an agreement with Karl Phillips, Inc. for the extention of the time for paying the remaining balance.

The landlord did not consent to the extension.

Peter Brod, the appellant, became the holder of the note and mortgage to Gillespie, and of another note and chattel mortgage of Karl Phillips, Inc., dated June 6, 1961. There was no express subordination of this mortgage to the landlord's lien.

On June 18, 1962, Brod commenced a suit to foreclose his chattel mortgages and on July 12, 1962, a decree of foreclosure was entered. On July 25, 1962, the landlord filed a distress proceeding for rent and the Sheriff took possession of the tangible assets of Karl Phillips, Inc. On the following day, July 26, 1962, an involuntary petition in bankruptcy was filed against Karl Phillips, Inc. and it was thereafter adjudicated a bankrupt. On the next day, July 27, 1962, a sale was held under the mortgage foreclosure decree and Brod became the purchaser. An order was entered in the bankruptcy proceedings for the preservation of the landlord's lien for the benefit of creditors.

The Referee made a determination of creditor priorities in the following order, (1) Brod's first mortgage, (2) the landlord's lien for three months' rent and (3) Brod's second mortgage. On a petition for review the district court altered the priorities as the Referee had fixed them and decided that they should rank as follows: (1) Administrative expenses, (2) Landlord's lien for three months, and (3) the chattel mortgages. Brod, the mortgage holder, has appealed, asserting that his secured claims are ahead of the administrative expenses and the landlord's lien.

Section 67, sub. c of the Bankruptcy Act [1] subordinates the landlord's

---

[1]. "Where not enforced by sale before the filing of a petition initiating a proceeding under this act, and except where the estate of the bankrupt is solvent: (1) though valid against the trustee under subdivision b of this section, statutory liens, including liens for taxes or debts owing to the United States or to any State or any subdivision thereof, on personal property not accompanied by possession of such property, and liens, whether statutory or not, of distress for rent shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision a of section 64 of this Act and such liens for wages or for rent shall be restricted in the amount of their payment to the same extent as provided for wages and rent respectively in subdivision a of section 64 of this Act; * * *." 11 U.S.C.A. § 107, sub. c.

lien to the administrative expense of the bankruptcy. Section 67, sub. c does not subordinate the mortgages to the payment of the administrative expense. The landlord's lien, under the Florida statute [2] would be superior to both mortgages. The agreement of the parties has subordinated the landlord's lien to the first mortgage.[3] This cannot be said to give a priority to the administrative expense over the first chattel mortgage. Section 67, sub. c does not apply where the lien is nonstatutory except in distress for rent cases. New Orleans v. Harrell, 5th Cir. 1943, 134 F.2d 399.

We think that the first chattel mortgage is entitled to priority since it is not subordinated to administrative expense under Section 67, sub. c and, by the subordination agreement it is superior to the landlord's lien. The second priority should be given to administrative expenses in order to give effect to the provisions of 67, sub. c which put such expenses ahead of the landlord's lien. The landlord's lien is ahead of the second chattel mortgage and it follows that this chattel mortgage is behind the landlord's lien and so also behind the administrative expenses. 4 Collier on Bankruptcy, 14th Ed. 287 et seq., Par. 67.27; Dunlop v. Teagle, 101 Fla. 721, 135 So. 132; Jordan v. Hamlett, et al., 5th Cir. 1963, 312 F.2d 121.

To reiterate, the order of priorities is, first, the first chattel mortgage; second, the administrative expenses; third, the landlord's lien, and fourth, the second chattel mortgage. For the entry of an appropriate order, the judgment of the district court will be reversed and the cause remanded.

Reversed and remanded.

---

2. "Every person to whom rent may be due, his heirs, executors, administrators or assigns, shall have a lien for such rent upon the property found upon or off the premises leased or rented, and in the possession of any person, as follows:

   "(1) Upon agricultural products raised on the land leased or rented for the current year. This lien shall be superior to all other liens, though of older date.

   "(2) Upon all other property of the lessee or his sub-lessee or assigns, usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of such property on the premises leased.

   "(3) Upon all other property of the defendant. This lien shall date from the levy of the distress warrant hereinafter provided." Fla.Stat.Ann. § 83.08.

3. The contention is made that the extension agreement made without the landlord's consent, extinguished the priority given the mortgagee by the subordination agreement. There is no merit in the claim. Miami Real Estate Company v. Baxter, 98 Fla. 900, 124 So. 452; 59 C.J.S. Mortgages § 280, p. 342.