JAMES C. HILL, Circuit Judge:
This appeal concerns the priority in distribution of the estate of Mill Industries, Inc. [hereinafter the “debtor”], which was adjudicated a bankrupt and ordered liquidated in a Chapter X reorganization proceeding. See 11 U.S.C. §§ 501-676 (1976). Prior to the initiation of the current proceedings, National Bank of Commerce, respondent, had made secured loans to the debtor in an amount in excess of $1,200,000 [hereinafter the “pre-petition debt”]. The courts below found that these loans had given respondent valid, indefeasible liens on all of the debtor’s property. Petitioner is a law firm that rendered services arguably constituting “administrative expenses” of the bankrupt estate, and accordingly entitled to priority treatment. See 11 U.S.C. § 104(a) (1976). Because the bankrupt estate amounts to only some $240,000, petitioner seeks payment ahead of respondent. We hold that the Bankruptcy and District Courts properly awarded respondent priority over petitioner, and affirm their orders of distribution.
It is elemental that administrative expenses, which petitioner here claims, are junior in priority to valid nonstatutory liens. See, e. g., Brod v. Third Realty Co., 340 F.2d 591, 592-93 (5th Cir. 1965); In re Quaker City Uniform Co., 238 F.2d 155, 157 (3d Cir. 1956), cert. denied, 352 U.S. 1030, 77 S.Ct. 595, 1 L.Ed.2d 599 (1957); In re Hull, 311 F.Supp. 197, 202 (E.D.Cal.1970); In re Lasky, 38 F.Supp. 24, 28 (N.D.Ala.1941). See generally 3A W. Collier, Collier on Bankruptcy § 64.02, at 2065-66 (14th ed. 1975); W. Warren & W. Hogan, Debtor-Creditor Law 666 (1974). Consistently ignoring this controlling rule of law, petitioner argues somewhat incomprehensibly that it was prejudiced when, as part of the reorganization effort, respondent loaned the debtor additional sums in exchange for certificates of indebtedness. See 11 U.S.C. § 516(2) (1976). By the terms of those certificates, respondent agreed to subordinate its entire debt to some administrative expenses but not petitioner’s. Petitioner asserts that the certificates worked an unlawful “subordination” of its fee claim:
First, petitioner contends that the certificates were issued without adequate notice to it. Cf. In re Mannington Pottery Co., 104 F.Supp. 506 (M.D.W.Va.1952). This contention is obviously moot. Even if we were to assume, contrary to the findings of the courts below, that the notice was inadequate, the fact remains that both before and after the certificates were issued, respondent’s pre-petition secured debt was senior to petitioner’s claim. The notice issue raised by petitioner would have relevance only if estate were large enough to pay off respondent’s pre-petition debt, and there arose a question of priority as between petitioner’s claim and the additional debt represented by the certificates.
Second, petitioner contends that the terms of the certificates of indebtedness, purporting to give respondent priority over petitioner’s fee claim herein, were invalid because administrative expenses may not be subordinated to such certificates in any event. In addition to being moot, again given the size of respondent’s pre-petition debt, this argument is facially frivolous. When necessary, certificates of indebtedness may be given priority over non-consenting first lienors. See, e. g., In re Third Ave. Transit Corp., 198 F.2d 703, 705 (2d Cir. 1952); In re Prima Co., 88 F.2d 785, 789-90 (7th Cir. 1937). It follows a fortiori that they may take precedence over render *596 ers of administrative services, who are junior to such lienors.
Third, petitioner claims that the certificates were not “equitable,” and that we should, in effect, reform their terms so as to give petitioner the priority it now seeks. Petitioner cites no authority supportive of this unprecedented request; it complains, however, that the certificate terms singled it out for discrimination, since they did give priority to certain other providers of legal services. Viewing the record as a whole, however, there does not appear to have been an abuse of discretion. Petitioner has never appeared in this case, which originated as an involuntary reorganization proceeding. Petitioner’s claim is for services previously rendered in connection with an unsuccessful attempt to liquidate the debtor by way of a voluntary straight bankruptcy. The record shows that respondent was the only lender willing to advance funds to the debtor during the pendency of the reorganization proceedings. It seems perfectly natural that respondent should choose to give up its senior status only to those administrators who were actively contributing to the reorganization effort. We can discern nothing inequitable about it.
Finding no error, we AFFIRM the judgment of the District Court.