559 So.2d 1198 (1990)
EUROVEST LIMITED, a Foreign Corporation, et al., Appellants,
v.
13290 BISCAYNE ISLAND TERRACE CORP., Appellee.
No. 89-436.
District Court of Appeal of Florida, Third District.
March 6, 1990.
Rehearing Denied May 17, 1990.
*1199 Greenfield & Duval and Harvie S. DuVal, North Miami, for appellants.
Gilbride, Heller & Brown and Lawrence R. Heller, Miami, for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
PER CURIAM.
The sole issue on this appeal is the priority of the mortgage held by appellant Eurovest Limited. We affirm.
In 1972 a thirty-year first mortgage was executed by David and Roberta Kaplan in favor of Eurovest. In 1973 the Kaplans executed a mortgage in favor of Harold Solomon, as Trustee, which was due in one year. Eurovest executed a written agreement subordinating its first mortgage to the Solomon mortgage. In 1974 the Kaplans executed a mortgage to Nathan Wasserman, due in one year. Eurovest subordinated its mortgage to the Wasserman mortgage.
When the Solomon and Wasserman mortgages came due, the maturities on the notes were extended. Eventually litigation ensued in which Eurovest sought to foreclose its mortgage. The trial court ruled that by virtue of the subordination agreements, the Eurovest mortgage was inferior to the Solomon and Wasserman mortgages. We agree. In the circumstances present here, the granting of an extension of time does not result in a loss of priority merely on the ground of such extension. Miami Real Estate Co. v. Baxter, 98 Fla. 900, 906-07, 124 So. 452, 454 (1929); see also Williams, Salomon, Kanner & Damian v. American Bankers Life Assurance Co., 379 So.2d 119, 121 (Fla. 3d DCA 1979). Eurovest's suretyship cases, see Cole v. Exchange Nat'l Bank, 183 So.2d 195 (Fla. 1966), are inapplicable here, for Eurovest is not a surety with respect to the other two mortgages.
Affirmed.
COPE and GERSTEN, JJ., concur.
BASKIN, Judge (specially concurring).
Significant, in my view, is the fact that Eurovest Ltd. does not meet the definition of a "surety." As appellee indicates, Eurovest has an option but not an obligation to pay the mortgage to avoid having its rights foreclosed. Miami Real Estate Co. v. Baxter, 98 Fla. 900, 906-07, 124 So. 452, 454 (1929).